IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-18-47-SLP |
| | ) |
| JESUS MANUEL-LOPEZ, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's pro se Motion for Sentence Reduction [Doc. No. 1638]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §§ 3581(c)(1)(A) and 3582(c)(2).[1] The Government has filed a Response [Doc. No. 1638] in opposition. For the reasons that follow, Defendant's Motion is DISMISSED in part and DENIED in part.

**I.   Background**

On March 8, 2019, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and distribute methamphetamine. *See* [Doc. Nos. 768, 823–826]. On June 24, 2019, the United States Probation Office filed its Final Presentence Investigation Report (PSR) [Doc. No. 1046].

---

[1] Defendant also asks the Court to appoint counsel. *See* [Doc. No. 1638] at 6. But he has "no constitutional right to counsel to aid in a [his] request for compassionate release." *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021). Nevertheless, the Court has discretion to appoint counsel upon consideration of several factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Under the circumstances of this case, none of these factors weigh in favor of the appointment of counsel. Defendant's request is therefore DENIED.

The PSR calculated a base offense level of 36, plus (1) a two-level increase because firearms were possessed in connection with the drugs; (2) a two-level increase because the methamphetamine was imported, and a mitigating role adjustment was not warranted; (3) a two-level increase because Defendant maintained a premises for the purpose of storing and distributing the drugs; and (4) a three-level enhancement for defendant's role as a manager or supervisor. [Doc. No. 1046] ¶¶ 35–40. After applying a three-level reduction for acceptance of responsibility to the adjusted offense level, the PSR calculated a total offense level of 42. *Id.* ¶¶ 42–46.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id*. ¶¶ 49–50. Combining Defendant's total offense level of 42 and criminal history category of I, the PSR calculated a guideline imprisonment range of 360 months to life. *Id*. ¶ 90.

On August 12, 2019, the Court sustained the objection to the firearm enhancement, but otherwise adopted the PSR without change.[2] [Doc. No. 1154]. The Court sentenced Defendant to 204 months' imprisonment. [Doc. No. 1153].

On July 8, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 814, 817, and 821 to the United States Sentencing Guidelines (U.S.S.G.). He also seeks a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

---

[2] After the Court sustained the objection, Defendant's total offense level was 40, and his guideline range of imprisonment was 292 to 365 months' imprisonment. Doc. No. 1154 ¶ III.

2

## II.     Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant's Motion implicates two sources of statutory authorization.

First, the Court may reduce the sentence of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Second, a defendant may seek a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). District courts apply a three-step framework to § 3582(c)(1)(A) motions. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). A reduction is proper under that test if:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing

3

Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*Id.* If any of these three requirements are lacking, the Court may deny the motion without addressing the other steps. *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). But to grant relief, the Court must be satisfied that all three requirements are met. *Id.*

### III.   Analysis

#### a.  *Section 3582(c)(2)*

Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all ten of the listed criteria.[3]

---

[3] Those ten criteria are:
(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

Defendant did not receive any status points for committing the offense while under a criminal justice sentence. And although Defendant has zero criminal history points, he is not eligible as a zero-point offender because he fails to meet all ten eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. §4C1.1(a)(10) because he received a two-point enhancement under U.S.S.G. §3B1.1(b) for his role in the offense. *See* [Doc. No. 1046] ¶ 40. A sentence reduction, therefore, is not authorized under Amendment 821.

Defendant also cites Amendment 817, which expands the applicability of the safety valve provision. But this amendment has not been made retroactive, so it cannot serve as the basis for a sentence reduction under § 3582(c)(2).[4] *See United States v. Creel*, No. 19-05049-01-CR-SW-MDH, 2024 WL 2732269, at *1 (W.D. Mo. May 28, 2024) (citing U.S.S.G. §1B1.10(d)). Accordingly, Amendment 817 is inapplicable to Defendant's case. Because the Court lacks jurisdiction to reduce Defendant's sentence pursuant to § 3582(c)(2), this part of his Motion is DISMISSED. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

---

> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. §4C1.1(a).

[4] Nor can a nonretroactive change to the guidelines be considered as an extraordinary and compelling circumstance under § 3582(c)(1)(A). *See* U.S.S.G. §1B1.13(c).

b. *Section 3582(c)(1)(A)*[5]

Defendant also cites Amendment 814, which "expand[ed] the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retain[ed] the existing 'other reasons' catchall; provide[d] specific guidance with regard to the permissible consideration of changes in the law; and respond[ed] to case law that developed after the enactment of the First Step Act."[6] U.S.S.G. Suppl. to App. C, at 205. Specifically, as set forth in the Government's Response, the Amendment: "(1) adds 'Medical Circumstances' subcategories; (2) modifies the 'Family Circumstances' category; (3) adds a 'Victim of Abuse' category; (4) revises the 'Other Reasons' category; and (5) adds an 'Unusually Long Sentences' category, permitting consideration of non-retroactive changes in law in a narrow set of circumstances." [Doc. No. 1645] at 5 (quoting United States Sentencing Commission, 2023 AMENDMENTS IN BRIEF, Amendment #814 Reduction in Sentence Pursuant to Section 3582(c)(1)(A), https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf).

---

[5] Defendant's Motion also makes a passing reference to the fact that a "government witness guess's [sic] at amount and quality [] cause[d] the guideline calculations to be misleading." [Doc. No. 1638] at 6. Defendant elaborates that he "was not aware that the governments witness could come up with whatever amount he felt would make the government give him a bigger time reduction," but that his lawyer told him "thats [sic] how it works." *Id.* The Government contends that this portion of the Motion attacks the validity of Defendant's sentence. The Court agrees. *Cf. United States v. Faure*, 660 F. App'x 596, 597 (10th Cir. 2016). Defendant cannot use a compassionate release motion to collaterally attack his conviction and sentence. *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), *reh'g en banc denied*, 78 F.4th 1221 (10th Cir. 2023), *cert. denied*, 2024 WL 2883879 (June 10, 2024).

[6] The amendment also revised U.S.S.G. §1B1.13 by "extend[ing] the applicability of the policy statement to defendant-filed motions." U.S.S.G. Suppl. to App. C, at 205.

6

Defendant does not identify any facts supporting compassionate release under these expanded categories, however.  Nor has he served ten years of his sentence, so he is not eligible under the unusually long sentences category.  *See* U.S.S.G. §1B1.13(b)(6).  Defendant's Motion also references a change to "the statute's [sic] [he] was indicted for" which would "result[] in a lower guideline range."  [Doc. No. 1638] at 6–7.  But he does not specify any substantive change supporting this statement and, like the Government, the Court is aware of none.  *See* [Doc. No. 1645] at 6.

The remaining reasons identified by Defendant do not warrant relief because they are not extraordinary and compelling.  He argues that (1) his "security risk level is low risk" and he has "a low recidivism level," (2) he has "enrolled in numerous first step act programs," and (3) he will return to his family and "turn a new leaf" in a construction job upon his release.  [Doc. No. 1638] at 7.  In essence, Defendant argues that he has been successful in his incarceration and that he has a loving family who misses him.  The Court has no reason to doubt Defendant's achievements or the sincerity of his statements.  Nevertheless, these reasons are not extraordinary and compelling, and are therefore not sufficient to warrant a sentence reduction under § 3582(c)(1)(A).  This portion of Defendant's Motion is DENIED.

IT IS THEREFORE ORDERED that Defendant's pro se Motion for Reduction of Sentence [Doc. No. 1685] is DISMISSED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 21st day of March, 2025.

_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**